*In re* ESTATE OF AGNES PFOERTNER, Deceased (Bernard J. Ysursa, Petitioner-Appellee; Marlene Deen *et al.*, Objectors-Appellants).

Fifth District    No. 5—97—1041

Opinion filed September 16, 1998.

Floyd E. Crowder and Timothy A. Gutknecht, both of Crowder & Scroggins, Ltd., of Columbia, for appellants.

Bernard J. Ysursa, of Cook, Shevlin, Ysursa, Brauer & Bartholomew, Ltd., of Belleville, and Curtis L. Blood, of Collinsville, for appellee.

JUSTICE MAAG delivered the opinion of the court:

Agnes M. Pfoertner died September 2, 1991. Her last will and testament was admitted to probate on October 7, 1991. On March 31,

1992, an action contesting the will was filed by attorney Bernard J. Ysursa on behalf of several heirs. The appellants in this case, all heirs of the deceased, were named as respondents in the petition to contest the will.

The will contest was grounded on the fact that the will of Ms. Pfoertner gave substantially all of the estate to the attorney who drafted the will, with only minor exceptions. On February 27, 1997, the circuit court granted summary judgment in favor of the petitioners and set aside the will, and the estate passed under the laws governing intestate estates.

On May 12, 1997, an unsworn petition to distribute net assets, signed by Bernard J. Ysursa, was filed with the trial court. In the petition, Ysursa asked that he be allowed to deduct from each heir's share of the estate one-third of each share for his attorney fees in the will contest. Ysursa also asked the court to allow him to recover a proportional share of the will contest costs from each share of the estate. Later, he modified this position and argued he was entitled to one-third of the appellants' share of the estate over the amount they would have recovered under the will, together with a proportional share of the costs. This claim was based upon what is known as the "common fund doctrine."

Appellants filed objections to the petition to distribute net assets, challenging Ysursa's right to collect part of his fees and costs from their shares of the estate. A hearing was held on September 19, 1997, and the evidence introduced in the hearing included in part the following:

- The appellants were not contacted by Ysursa to be represented by him.
- The appellants did not sign an agreement or orally agree with Ysursa to be represented by him.
- The contingent fee agreement was not in writing, and there was some uncertainty about the exact terms of the agreement.
- Ysursa did not keep time records with respect to his work and did not offer any evidence as to the time spent on the litigation.
- Certain appellants' shares of the estate were only increased slightly.

On November 3, 1997, the court overruled the objections and granted Ysursa's petition.

On appeal two issues are raised by the appellants. They claim:

1. The order of the trial court granting petitioner Bernard J. Ysursa a portion of the appellants' shares of the estate of Agnes Pfoertner, deceased, should be vacated, and the part of Ysursa's petition to distribute net assets that demanded the deduction of at-

torney fees and costs from the appellants' shares of the estate should be denied.

2. If the relief requested in the first issue is not granted, then, in the alternative, the order of the trial court granting petitioner Bernard J. Ysursa a portion of the appellants' shares of the estate of Agnes Pfoertner, deceased, should be vacated and the cause should be remanded to the trial court for a new hearing on the amount of Ysursa's fees.

Relying principally on *Domenella v. Domenella*, 159 Ill. App. 3d 862, 513 N.E.2d 17 (1987), the appellants argue that Ysursa is entitled to no fee from their share of the estate. In *Domenella*, the deceased was survived by several offspring. The deceased was the mother of both the plaintiff and the defendants in the case. An attorney filed an action on behalf of the plaintiff against the defendants, seeking an accounting and an equal distribution of the estate. The court ruled that three certificates of deposit were intestate property and should pass equally to the children of the deceased. At her death, Teresa Domenella was survived by five children: the plaintiff, the two defendants, and two daughters living in Italy (the respondents). The attorney then sought, under the common fund doctrine, a share of the money due the respondents. The trial court refused to award the fee, and the attorney appealed. The appellate court affirmed. According to the appellate court, (1) the attorney did not represent the interests of the daughters (the respondents), (2) by bringing the action the plaintiff was seeking merely to protect his own interest and only incidentally benefitted the respondents, and (3) the intestate property did not constitute a fund created by plaintiff's attorney. We believe that the facts in *Domenella* distinguish it from this case. Moreover, since *Domenella* was decided, the common fund doctrine has evolved significantly in Illinois. We believe that our supreme court in its more recent decisions makes it plain that the facts of this case are precisely the type of situation in which the doctrine applies.

Factually, this is a very different case from *Domenella*. In *Domenella* the property in question was to pass under intestacy rules. In that case, the attorney for the plaintiff merely insured that his client received his intestate share. The fund (the certificates of deposit) already existed. They were not created, preserved, or enlarged by the attorney. The attorney merely obtained an order identifying the surviving kin entitled to receive the property. In contrast, in the instant case, the testatrix had been induced as a result of undue influence to execute a will that all but disinherited the surviving kin, and the property was to pass to the testatrix's attorney in a most unsavory arrangement. Attorney Ysursa halted the fraud and *preserved* the estate,

preventing it from being pilfered. The common fund doctrine allows a person who creates, *preserves*, or increases the value of a fund to be compensated from the fund. *Brundidge v. Glendale Federal Bank, F.S.B.*, 168 Ill. 2d 235, 659 N.E.2d 909 (1995). Without Ysursa's efforts, nearly the entire estate would have been lost to fraud.

■ Since *Domenella* was decided, our supreme court in *Brundidge* and *Scholtens v. Schneider*, 173 Ill. 2d 375, 671 N.E.2d 657 (1996), has articulated a broad application of the doctrine.

> "In general, each party to litigation in the United States bears its own attorney fees, absent a specific fee-shifting statute. Over time, courts have created several equitable exceptions to this 'American Rule.' One of the earliest, and most prevalent, exceptions is the common fund doctrine. This doctrine has been recognized and applied in the United States Supreme Court, [in] the lower federal courts, and in the courts of virtually every state in the Union, including Illinois. See *Baier v. State Farm Insurance Co.*, 66 Ill. 2d 119[, 361 N.E.2d 1100] (1977); *Sprague v. Ticonic National Bank*, 307 U.S. 161, 164, 83 L. Ed. 1184, 1186, 59 S. Ct. 777, 779 (1939) (fee award from fund generated in class action is within 'the historic equity jurisdiction of the federal courts'); see generally 42 A.L.R. Fed. 134 (1979); 23 A.L.R.5th 241 (1994); S. Speiser, Attorneys' Fees (1973).
>
> The common fund doctrine permits a party who creates, preserves, or increases the value of a fund in which others have an ownership interest to be reimbursed from that fund for litigation expenses incurred, including counsel fees. *Brundidge v. Glendale Federal Bank, F.S.B.*, 168 Ill. 2d 235, 659 N.E.2d 909 (1995). It is now well established that 'a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole.' *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478, 62 L. Ed. 2d 676, 681, 100 S. Ct. 745, 749 (1980)." *Scholtens*, 173 Ill. 2d at 384-85, 671 N.E.2d at 662.

■ The purpose of the doctrine is to prevent unjust enrichment to those benefitted by the attorney's action, and the decision whether to apply the doctrine is a discretionary matter for the court in the exercise of its broad equitable powers. *Sprague v. Ticonic National Bank*, 307 U.S. 161, 166-67, 83 L. Ed. 1184, 1187, 59 S. Ct. 777, 779-80. Other jurisdictions have applied the doctrine in cases similar to the case at bar. See *City & County of San Francisco v. Sweet*, 12 Cal. 4th 105, 906 P.2d 1196, 48 Cal. Rptr. 2d 42 (1995); *Rohrich v. Noziska*, 496 N.W.2d 566 (N.D. 1993). We believe that the circuit court correctly decided that the common fund doctrine should be applied in the instant case.

■ Turning now to the second issue, we cannot agree with the circuit court. Stated simply, the fee-and-cost award as described above was not based upon evidence sufficient to justify the award. In fact, we fail to see any evidence to support the award. Accordingly, we reverse the award of fees and costs and remand the case to the circuit court to reconsider this issue. The circuit court is directed to consider the issue of fees and costs in light of those factors set forth in *Anderson v. Anchor Organization for Health Maintenance*, 274 Ill. App. 3d 1001, 654 N.E.2d 675 (1995), and make an award on the basis of *quantum meruit*. To the extent necessary to present their position, the parties should be allowed to offer relevant evidence on the fee-and-cost issue.

Affirmed in part and reversed in part; cause remanded with directions.

GOLDENHERSH and RARICK, JJ., concur.