# In the

# United States Court of Appeals
## For the Seventh Circuit

Nos. 02-1229, 02-1435

PRIMAX RECOVERIES, INC.,

*Plaintiff-Appellant, Cross-Appellee,*

*v.*

RICHARD SEVILLA,

*Defendant-Appellee, Cross-Appellant.*

Appeals from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 00 C 6869—**William J. Hibbler**, *Judge.*

ARGUED NOVEMBER 8, 2002—DECIDED APRIL 1, 2003

Before POSNER, ROVNER, and WILLIAMS, *Circuit Judges.*

POSNER, *Circuit Judge.* This procedurally intricate ERISA case had its origins more than a decade ago, when Richard Sevilla, injured in an auto accident, incurred medical costs that were covered by his employer's ERISA welfare benefits plan. The plan entitled the employer (actually the employer's insurer, but we can ignore that detail) to reimbursement should the employee obtain compensation from a third party, which Sevilla did. The insurer of the driver of the other car involved in the accident settled with Sevilla for $22,000. Primax Recoveries (then called

Health Cost Controls), to which the employer's right of reimbursement had been assigned, claimed $2,483.71, the amount of the medical benefits that had been paid to Sevilla under the plan. The driver's insurer issued a check for that amount payable to Sevilla, Sevilla's lawyer, and Primax. The lawyer was the one to whom the check was actually delivered, and he in turn delivered it to Primax, requesting the latter to endorse the check, so that the lawyer could cash it. He added that he was intending to deduct one-third of the amount of the check for his fee under Illinois's "common fund" doctrine, with the consequence that he would be remitting only two-thirds to Primax. Unwilling to accept this reduction, Primax refused to endorse the check and instead sued the lawyer and his client in an Illinois state court for reimbursement of the entire $2,483.71. Primax contended in that suit that the ERISA plan did not permit any deduction from the reimbursement to which Primax was entitled by virtue of recovery from a third party, merely to compensate Sevilla's lawyer for the expense in time and effort that he had incurred to obtain that recovery. Sevilla counterclaimed on behalf of a class consisting of other employees whose lawyers Primax had similarly refused to allow to deduct from reimbursable third-party recoveries fees to which the lawyers claimed to be entitled by virtue of the common fund doctrine.

Four years into the state court suit, Primax wrote Sevilla's lawyer that it "irrevocably waived and released any and all rights and claims to subrogation and/or reimbursement [that Primax] may have had, now have, or hereafter acquire concerning an accident involving Richard Sevilla." On the basis of this release, Primax moved to dismiss the state court suit as moot. But under state as under federal law, the mooting of the named plaintiff's claim in a class action by the defendant's satisfying the claim does not moot the action so long as the case has been

certified as a class action, *County of Riverside v. McLaughlin*, 500 U.S. 44, 51 (1991) (federal law); *Sosna v. Iowa*, 419 U.S. 393, 400-01 (1975) (ditto); *Hillenbrand v. Meyer Medical Group, S.C.*, 720 N.E.2d 287, 296 (Ill. App. 1999) (Illinois law), or, as in this case, so long as a motion for class certification has been made and not ruled on, unless (as is not the case here) the movant has been dilatory. *Susman v. Lincoln American Corp.*, 587 F.2d 866, 870 (7th Cir. 1978); see also *Parks v. Pavkovic*, 753 F.2d 1397, 1403 (7th Cir. 1985). The qualification is important. Without it, the defendant could delay the action indefinitely by paying off each class representative in succession.

It makes no difference that the class action plaintiff here was actually a counterclaimant. Sevilla wanted one-third of $2,438.71 of the reimbursement claimed by Primax, and by releasing its entire claim Primax actually gave Sevilla three times what he was seeking. Incidentally (but this point will become important later), the proper counterclaimant was not Sevilla, but his lawyer. Although requests for awards of attorneys' fees are normally, and even in some common fund cases, such as *Kline v. Eyrich*, 69 S.W.2d 197 (Tenn. 2002), made in the name of the client rather than the lawyer, *Evans v. Jeff D.*, 475 U.S. 717, 730 n. 19 (1986); *Benitez v. Collazo-Collazo*, 888 F.2d 930, 932-33 (1st Cir. 1989), in Illinois the attorney owns the claim for reimbursement for his services in creating a common fund. *Bishop v. Burgard*, 764 N.E.2d 24, 30-32 (Ill. 2002).

Having failed to get rid of the counterclaim, Primax filed the present suit in federal court, basing federal jurisdiction on ERISA. The suit seeks a declaration that the plan overrides the common fund doctrine. The district court dismissed the suit for want of jurisdiction, ruling first that Primax was seeking a form of relief not authorized to an ERISA fiduciary, namely money damages, and in the alternative that the case was moot because Primax had

released its claim for reimbursement. Primax appeals, arguing that the claim is alive because Sevilla rejected its release and that in any event it is entitled to a declaration of its right under ERISA to reimbursement out of recoveries against third parties without a deduction for common fund fees to the lawyers who make the recoveries possible. Sevilla cross-appeals from the refusal of the district judge to impose sanctions on Primax for filing what Sevilla claims is an utterly frivolous suit.

The Supreme Court, consistent with an earlier decision by this court, *Wal-Mart Stores, Inc. Associates' Health & Welfare Plan v. Wells*, 213 F.3d 398, 400-01 (7th Cir. 2000), has now made clear that although an ERISA fiduciary (which Primax is correctly acknowledged to be, *Health Cost Controls of Illinois, Inc. v. Washington*, 187 F.3d 703, 709 (7th Cir. 1999)) may not sue a plan participant or plan beneficiary under ERISA unless it is seeking equitable relief, such relief includes not just an injunction but also the imposition of a constructive trust on money claimed to be wrongfully withheld from the plaintiff. *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 210, 213-14 (2002); see also *Clair v. Harris Trust & Savings Bank*, 190 F.3d 495, 498-99 (7th Cir. 1999). Whether the fiduciary can sue for damages for breach of contract under state law without running afoul of ERISA's broad preemption provisions, 29 U.S.C. §§ 1144(a), 1144(c)(1); see *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 138-39 (1990), was left open in *Knudson*. See 534 U.S. at 220.

Setting to one side the release, let us consider whether Primax's claim to be entitled to the entirety of the $2,431.78, with no deduction based on the common fund doctrine, is an equitable claim. It is not. Primax wants (remember that we're ignoring the release for the moment) $2,431.78 from Sevilla. It is true that Primax is holding on to the

check from the third party's insurer, but the check is worthless without the endorsement of Sevilla's lawyer (presumably he can endorse his client's signature as well as his own, though that is another detail we can elide), and while one could imagine construing Primax's suit as a suit for an injunction commanding the lawyer to do that, this would distort the reality of the claim. Primax doesn't want the check as such; it wants the money, and it claims that under the plan Sevilla owes the money to it. That is a claim of breach of contract, which is a classic legal claim. Almost any legal claim can be given the *form* of an equitable claim (that is, a claim seeking an order to do or not do something), but such games with form should be discouraged. *Id.* at 211 n. 1; *Wal-Mart Stores, Inc. v. Wells, supra,* 213 F.3d at 401.

Primax argues that the $2,431.78 should be thought of as a fund, a *res,* held by the third party's insurer and claimed by Primax but wrongfully withheld because of the lawyer's refusal to endorse the check. The insurer is not a defendant, however, and the defendant is not in possession of the fund. It is true that when some months before filing this suit Primax decided to release its claim against Sevilla, it told the insurer to issue a new check payable only to Sevilla and his lawyer. The insurer did that, but the check has never been cashed, because Sevilla and his lawyer fear that by doing so they might somehow moot their state court suit (remember that the motive for the release was to bring about precisely that result). So to this day the fund remains in the hands of the insurer, who is not a defendant. You can impose a constructive trust only on a defendant, *Jones v. Felix,* 23 N.E.2d 706, 708-09 (Ill. 1939), or someone in privity with the defendant. Cf. *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 327 n. 7 (1979); *Hansberry v. Lee,* 311 U.S. 32, 40-41 (1940).

So the district court had no jurisdiction over this case—and for two additional reasons. The first is that, as Primax realized when it filed its claim against Sevilla initially in state court, its dispute with him over the applicability of the common fund doctrine does not arise under ERISA. Primax is seeking declaratory relief, and where as in this case such relief is sought in order to block an expected suit by the declaratory-relief defendant, the jurisdiction of the district court depends on whether the court would have jurisdiction over that suit. *Public Service Commission v. Wycoff Co.*, 344 U.S. 237, 248 (1952); *Ameritech Benefits Plan Committee v. Communication Workers of America*, 220 F.3d 814, 818-19 (7th Cir. 2000). So we must consider whether if Primax had not released its claim, and therefore Sevilla were suing Primax to force it to endorse the check, the case would arise under ERISA. It would not; it would arise under the common fund doctrine of Illinois. *Bishop v. Burgard, supra*, 764 N.E.2d at 30-33; *Speciale v. Seybold*, 147 F.3d 612, 617 (7th Cir. 1998); *Blackburn v. Sundstrand Corp.*, 115 F.3d 493, 495 (7th Cir. 1997); cf. *Rice v. Panchal*, 65 F.3d 637, 646 (7th Cir. 1995).

When a lawyer uses his professional skills to confer a financial benefit on persons who are not his clients in circumstances in which these incidental beneficiaries would expect to have to pay for professional services, the common fund doctrine entitles him to a share of that benefit as a fee. *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980); *Hillenbrand v. Meyer Medical Group, S.C., supra*, 720 N.E.2d at 291; *Baksinski v. Northwestern University*, 595 N.E.2d 1106, 1109-10 (Ill. App. 1992). And thus if a lawyer is hired by one family member to establish the validity of a will and he succeeds in doing so and the will leaves money to other members of the family as well, he is entitled to a part of that money as his fee for establish-

ing their rights. *In re Estate of Pfoertner*, 700 N.E.2d 438, 439-40 (Ill. App. 1998); see also *Morris B. Chapman & Associates, Ltd. v. Kitzman*, 739 N.E.2d 1263, 1271-72, 1274 (Ill. 2000). No one doubts that if Primax hired an investigator to establish a claim for reimbursement, the investigator's right to compensation for services rendered would be founded on state law rather than on ERISA. The fact that the ERISA plan may have rejected the common fund doctrine is irrelevant, since the lawyer whose claim to restitution is at stake was not a party to the plan and so is not bound by limitations in it of his legal rights. *Bishop v. Burgard, supra*, 764 N.E.2d at 30-33; *Scholtens v. Schneider*, 671 N.E.2d 657, 664-65 (Ill. 1996). And as the Supreme Court made clear in *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 16 (1983), the fact that a defendant may be able to interpose ERISA preemption as a defense to a suit under state law does not confer federal jurisdiction over the suit; federal jurisdiction depends on the claim, not upon defenses, even ERISA preemption defenses. Anyway we have held that ERISA does *not* preempt common fund claims. *Blackburn v. Sundstrand Corp., supra*, 115 F.3d at 495.

Finally, Primax has no standing to bring this suit, because it has no dispute with Sevilla. It has released its claim against him. The suggestion that because Sevilla, fearful that the release might moot his class action in state court, repudiated the release creates a live controversy between the parties is ridiculous. You cannot *force* someone to make a claim against you. Not only was the release unequivocal, but Primax reiterated at the argument of its appeal that it doesn't want a penny back from Sevilla. It's written off the entire $2,431.78 even though Sevilla claims an entitlement to only a third of it! Primax says that because Sevilla has not yet cashed the insurer's check the rights to the money remain in limbo. Maybe so, but it is

a limbo in which Primax has no legal interest. Just because *A* and *B* have a dispute over some amount of money doesn't give *C*, who has no claim to it, standing to seek a declaration of rights to that money.

It is not as if Sevilla were seeking anything in this suit—except sanctions for Primax's having filed a suit over which the district court has no jurisdiction. He has filed no counterclaim. And while he is the named counter-plaintiff in the state court suit, which is still pending, he is seeking no relief there; he is merely the class representative, and may well be replaced in that role, precisely because he has nothing to gain from the suit. *Culver v. City of Milwaukee*, 277 F.3d 908, 912 (7th Cir. 2002); *Reed v. Bowen*, 849 F.2d 1307, 1309, 1311 n. 4 (10th Cir. 1988). Any relief obtained in it will go to other members of the class. Although Primax's real concern is with the claims of the class, the only member of the class that it has sued is the one whom for sure it has no claim against because he has been paid in full (in three times full)—Sevilla. Primax could have sued the other class members either individually or in gross—suits against classes are rare but are explicitly authorized by Fed. R. Civ. P. 23(a), *CIGNA HealthCare of St. Louis, Inc. v. Kaiser*, 294 F.3d 849, 853 (7th Cir. 2002); *Kaucky v. Southwest Airlines Co.*, 109 F.3d 349, 350 (7th Cir. 1997); *Consolidated Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 482-85 (2d Cir. 1995)—though had it done so the district court would undoubtedly have abstained in favor of the state court suit, *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286-90 (1995); *Sta-Rite Industries, Inc. v. Allstate Ins. Co.*, 96 F.3d 281, 287 (7th Cir. 1996); *Schneider National Carriers, Inc. v. Carr*, 903 F.2d 1154, 1156-57 (7th Cir. 1990), which is so much more advanced, having been filed six years before the federal suit. But this is on the assumption that the district court would have jurisdiction of such a suit, which, as we have seen, it would not.

Primax's suit has indeed been a travesty. Desperately seeking to derail a counterclaim filed in the forum that it itself had chosen for litigating its dispute with Sevilla, it filed a suit in federal court over which the court had no jurisdiction. Had Sevilla not muddied the waters by refusing to accept the release of Primax's claim against it, we would consider Primax's claim deserving of monetary sanctions. As it is, let a sharp rebuke suffice.

AFFIRMED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*