**Steven LEIPZIG, Plaintiff,**

v.

**AIG LIFE INSURANCE COMPANY, Defendant.**

**No. 02 C 9154.**

United States District Court, N.D. Illinois, Eastern Division.

April 18, 2003.

Mark D. DeBofsky, David A. Bryant, Nathan Q. Rugg, Daley, DeBofsky & Bryant, Chicago, IL, for Plaintiff.

Daniel John McMahon, Rebecca Marie Burkett, Jason Michael Kuzniar, Melissa B. Hursey, Wilson, Elser, Moskowitz,

Edelman & Dicker, Chicago, IL, for Defendants.

## MEMORANDUM ORDER

SHADUR, Senior District Judge.

AIG Life Insurance Company ("AIG Life"), defendant in this ERISA action brought by Steven Leipzig ("Leipzig") to recover disability benefits under a long-term disability insurance policy that funded benefits under an employee benefit plan ("Plan"), has tendered a counterclaim seeking to recover amounts that it had previously paid to Leipzig under a reservation of rights. Leipzig's counsel has moved to dismiss that counterclaim, while AIG Life's counsel has filed a memorandum in opposition to that motion. Both sides' memoranda have posed the critical issue with admirable clarity, facilitating this Court's ability to resolve the matter.

■ In garden variety terms it would seem that the supplemental jurisdiction provisions of 28 U.S.C. § 1367(a) would most likely enable AIG Life to seek to recoup the amounts that it had advanced to Leipzig *if* it turned out to be right in its substantive arguments against Leipzig's principal claim. But in this instance life has been made considerably more complicated, both by the nature of ERISA as a preemptive force and by the Supreme Court's recent decision in *Great–West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 122 S.Ct. 708, 151 L.Ed.2d 635 (2002). Indeed, AIG Life's counsel has candidly (and commendably) conceded that Leipzig's preemption arguments "are well founded" (AIG Mem. 3), so that any state law restitution claim by AIG Life cannot be advanced in light of that preemption (*id.*). That then leaves the issue to be resolved in light of *Knudson* and our Court of Appeals' reading of that decision.

■ *Knudson* hinges the availability of a restitution claim under ERISA's Section 1132(a)(3) on whether the claim is legal in nature (in which event the claim is not viable) or is equitable instead (in which event it is). In turn that choice looks to the concept that "for restitution to lie in equity, the action generally must seek not to impose personal liability on the defendant, but to restore to the plaintiff particular funds or property in the defendant's possession" (534 U.S. at 214, 122 S.Ct. 708). And in holding that the claim at issue there was for restitution at law and was hence nonassertable under ERISA, *Knudson* identified as the operative principle the fact that "[t]he basis for petitioner's claim is not that respondents hold particular funds that, in good conscience, belong to petitioners, but that petitioners are contractually entitled to *some* funds for benefits that they conferred" (*id.*) (emphasis in original).

Dollars are fungible. With the interim payments by AIG Life having been made to Leipzig and then presumably used by him for any of a host of ordinary expenditures (as contrasted with their having been lodged in some segregated account that could arguably be subject to a constructive trust or equitable lien), the situation here—as in *Knudson*—is that AIG Life's claim is on the law, and not the chancery, side of the docket (a distinction still maintained under Illinois law).

As both parties have asked, this Court has also considered our Court of Appeals' recent decision in *Primax Recoveries, Inc. v. Sevilla*, 324 F.3d 544 (7th Cir.2003), construing and applying *Knudson*. Although *Primax* dealt with a quite different factual situation that separately led it to reject any characterization of the claim at issue there as equitable or as the potential subject of a constructive trust, what it did say about *Knudson* supports what this Court has announced here—see particularly this language:

Primax doesn't want the check as such; it wants the money, and it claims that under the plan Sevilla owes the money to it. That is a claim of breach of contract, which is a classic legal claim. Almost any legal claim can be given the *form* of an equitable claim (that is, a claim seeking an order to do or not do something), but such games with form should be discouraged.

That could well have been written for this case. Accordingly Leipzig's motion is granted. AIG Life's counterclaim is dismissed, and this action will proceed solely in terms of Leipzig's claim against AIG Life.