SAMUEL C. JOHNSON 1988 TRUST, Imogene P. Johnson, John Hawksford, Kay Hawksford, Dean Johnson and Kathryn Johnson, Plaintiffs,

v.

BAYFIELD COUNTY, WISCONSIN and United States of America, Defendants.

No. 06–C–348–S.

United States District Court, W.D. Wisconsin.

Jan. 19, 2007.

Richard K. Nordeng, Stafford Rosenbaum, LLP, Erik Peterson, U.S. Attorney, Madison, WI, for Defendants.

## MEMORANDUM AND ORDER

SHABAZ, District Judge.

Plaintiffs, owners of certain real property in Town of Drummond, Bayfield County, Wisconsin ("the property"), commenced this action to quiet title against any claims of an interest in the property by defendants Bayfield County and United States arising from reversionary rights in an abandoned railroad right of way traversing the property. Jurisdiction is based on 28 U.S.C. §§ 2409a and 1331. The matter is presently before the Court on plaintiffs' motions for summary judgment and judgment on the pleadings. The following facts are undisputed for purposes of the pending motions.

## BACKGROUND

In 1856 and 1864 the federal government granted tracts of public land to the State of Wisconsin to aid in the construction of railroads. Wisconsin subsequently granted the land to railroads to construct rail lines. Pursuant to this scheme a railroad line, known as the Bayfield Branch, was constructed between 1874 and 1883. The Bayfield branch right of way corridor crosses the property.

The rail line was used continuously by various railroads until 1974, when the Chicago and Northwestern Transportation Company, which then owned the railroad right of way and operated the railroad, filed a notice of proposed abandonment with the Interstate Commerce Commission. In 1978 the ICC entered an order permitting abandonment of the line. In 1980 the tracks were removed. On March 14, 1980 CN & W quitclaimed its interest in the right of way to Samuel C. and Imogene Johnson, who subsequently transferred portions of that interest to others who owned property adjacent to the rail corridor. Since 1980 the right of way

corridor has not been used as a railroad, highway or any other authorized public use.

Recently, several members of the Bayfield County Board of Supervisors claimed that the United States retained a reversionary interest in the right of way and that Bayfield County could exercise its right based on this interest to establish a recreational trail on the Bayfield Branch right of way. In response to this perceived threat to their ownership interest, plaintiffs filed this action seeking a declaration, among other things, that Bayfield County and the United States have no interest in the property. On November 21, 2006 the United States filed a disclaimer of any interest in the property pursuant to 28 U.S.C. § 2409a(e), which was confirmed by the Court the following day.

## MEMORANDUM

Plaintiffs moved for summary judgment arguing that the United States never acquired a reversionary interest in the railroad right of way. Alternatively, plaintiffs contended that if The United States had a reversionary interests, Bayfield County forfeited any interest when it failed to establish a highway within one year after the rail line was abandoned in 1978. After the United States disclaimed any interest in the right of way, plaintiffs filed a separate motion arguing that the disclaimer entitled them to prevail as a matter of law and that the disclaimer deprived the Court of jurisdiction. Defendant Bayfield County maintains that the United States retained a reversionary interest, that the railroad right of way has not yet been abandoned within the meaning 43 U.S.C. § 912 and that the disclaimer has no effect on Bayfield County's right to establish a highway upon abandonment.

Summary judgment is appropriate when, after both parties have the opportunity to submit evidence in support of their respective positions and the Court has reviewed such evidence in the light most favorable to the nonmovant, there remains no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), Fed.R.Civ.P. A fact is material only if it might affect the outcome of the suit under the governing law. Disputes over unnecessary or irrelevant facts will not preclude summary judgment. A factual issue is genuine only if the evidence is such that a reasonable factfinder, applying the appropriate evidentiary standard of proof, could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Under Rule 56(e) it is the obligation of the nonmoving party to set forth specific facts showing that there is a genuine issue for trial.

*Subject Matter Jurisdiction*

 The first issue which must be addressed is whether the Court has continuing jurisdiction in light of the disclaimer of interest by the United States. Jurisdiction was originally based, at least in part, on 28 U.S.C. § 2409a(a) which permits naming the United States as defendant in a quiet title action and 28 U.S.C. § 1346(f) which confers federal subject matter jurisdiction over such a claim. The United States disclaimer triggers 28 U.S.C. § 2409a (e):

> If the United States disclaims all interest in real property . . . at any time prior to actual commencement of the trial, which disclaimer is confirmed by order of the court, the jurisdiction of the district court shall cease unless it has jurisdiction of the civil action or suit on ground other than and independent of the authority conferred by section 1346(f) of this title.

Plaintiffs maintain, apparently inconsistently, that the Court should dismiss the

action for lack of continuing jurisdiction and grant judgment on the merits in its favor on its claims against Bayfield County. Defendant correctly notes that the Court cannot dismiss for lack of jurisdiction and at the same time address the conflicting claims of plaintiffs and Bayfield County on the merits. *Capitol Leasing Co. v. Federal Deposit Ins. Corp.*, 999 F.2d 188, 191 (7th Cir.1993). Defendant asserts an interest in the land notwithstanding the disclaimer. To address that claim on its merits, the Court must have an independent basis for jurisdiction.

 The only potential jurisdictional basis is 28 U.S.C. § 1331, which requires that an action arise under federal law. The relevant claim for jurisdiction purposes is plaintiffs' claim for a declaration that defendant Bayfield County has no interest in the right of way. More specifically, plaintiffs seek a determination that Bayfield County has no right under 43 U.S.C. § 912 to establish a public highway on the right of way. In the context of a declaratory judgment action, it is the character of the threatened court action which determines whether there is federal question jurisdiction. *Public Service Commission of Utah v. Wycoff Co., Inc.*, 344 U.S. 237, 248, 73 S.Ct. 236, 97 L.Ed. 291 (1952); *Primax Recoveries, Inc. v. Sevilla*, 324 F.3d 544, 548 (7th Cir.2003). The threatened action here, a claim for injunctive relief entitling Bayfield County to establish a highway pursuant to 43 U.S.C. § 912, is an action arising under a federal statute over which this Court has original jurisdiction.

For the same reason, plaintiffs are incorrect in characterizing the alleged right under section 912 as a mere defense which does not afford jurisdiction. Accordingly, the Court has jurisdiction over plaintiff's remaining claim for declaratory relief that Bayfield County has no right to establish a public highway on the former railroad cor-

ridor and proceeds to the merits of that claim.

### Effect of United States Disclaimer

The initial inquiry on the merits is whether the disclaimer of interest by the United States deprives Bayfield County of any right it might otherwise have had under section 912. Section 912 is premised on ownership by the United States of a reversionary interest in the relevant right of way. Accordingly, if the original conveyance did not reserve a reversionary interest in the United States section 912 has no application. *Mauler v. Bayfield County*, 309 F.3d 997, 1000–02 (7th Cir. 2002). Assuming for purposes of this analysis that the United States retained a reversionary interest in the property, the present issue is whether a disclaimer of interest by the United States has the same effect or whether, as Bayfield County advocates, the retention of a reversionary interest in the property at the time of original conveyance vests section 912 rights in Bayfield County regardless of a United States' disclaimer prior to the operation of that provision.

 Under the circumstances of this case there is no difference between conveyance of land by the United States without a reversionary interest and conveyance with a reversionary interest coupled with a subsequent disclaimer of that interest. By its disclaimer the United States has renounced its right to any reversionary interest in the property. The disclaimer itself is based on the opinion of the United States that the property was originally conveyed without any reversionary interest. Generally, a disclaimer is the refusal to accept a property interest ab *initio*. *See Jewett v. Commissioner of Internal Revenue*, 455 U.S. 305, 323, 102 S.Ct. 1082, 71 L.Ed.2d 170 (1982) (Blackmun, dissenting). That is, the disclaimer of the rever-

sionary interest has the same effect as if the interest was not retained.

■ Bayfield County is correct that the disclaimer applies only to the interest of the United States and not to any independent property interest Bayfield County has pursuant to § 912. However, Bayfield County has never acquired an interest under section 912. It had only a potential future statutory transfer of the United States' reversionary interest. For Bayfield County to acquire a present interest in the property three contingencies had to occur: retention of a reversionary interest by the United States, abandonment of the right of way by the railroad, establishment of a highway by Bayfield County. Bayfield County concedes that the latter two have not occurred. Based on the disclaimer, the first contingency cannot occur. At any time prior to abandonment, the United States was free to alter the way it treated its reversionary interests—as it did when it amended section 912 to eliminate the contingent future interest of adjacent property owners. 16 U.S.C. § 1248(c). It is equally free to foreclose Bayfield County's future contingent rights by disclaiming any reversionary interest in the property. Bayfield County never had a right to the property independent of the United States' reversionary interest.

As support for its position that it has an independent right to the property, Bayfield County relies on the decision of the District Court in *Mauler v. Bayfield County*, 204 F.Supp.2d 1168 (W.D.Wis.2001). More particularly, defendant argues that the *Mauler* Court's determination of the historical existence of a reversionary interest in the United States, notwithstanding the filing of a disclaimer, implies that the disclaimer in this case does not extinguish Bayfield County's contingent interest.

Careful examination of the *Mauler* circumstances reveals the logical flaw in defendant's argument. The United States filed a disclaimer of its interest in the *Mauler* property in 2001, more than a decade after all other contingencies had been fulfilled which vested Bayfield County with an interest in the property. In *Mauler*, the railroad had conveyed its interest in the right of way to Bayfield County for the construction of a public highway in 1989 pursuant to 43 U.S.C. § 913, and the highway was established. If the United States held a reversionary interest in the property in 1989, that interest had fully vested in Bayfield County by virtue of the railroad's conveyance and section 913. The 2001 disclaimer by the United States would have no effect on that vested interest. Accordingly, the issue concerning the United States' reversionary interest as of 1989 remained critical to the outcome of the case and was unaffected by the disclaimer. In contrast, the disclaimer in the present case indisputably preceded any interest vesting in Bayfield County.

## CONCLUSION

The United States's disclaimer of any reversionary interest in the property precludes application of 43 U.S.C. § 912 or 16 U.S.C. § 1248(c) to permit Bayfield County to establish a highway upon any future abandonment of the railroad right of way. Accordingly, the issues of whether the United States previously held a reversionary interest and whether the right of way was previously abandoned are moot. Plaintiffs are entitled to declaratory relief quieting their title to the property against Bayfield County's claims under those federal statutes. Accordingly,

## ORDER

IT IS ORDERED that plaintiffs' motion for summary judgment is GRANTED.

IT IS FURTHER ORDERED that judgment be entered in favor of plaintiffs declaring that plaintiffs own the property

in Drummond Township, Bayfield County, Wisconsin free and clear of any claim by Bayfield County pursuant to 43 U.S.C. § 912 or 16 U.S.C. § 1248(c) of a right to establish a public highway on the former railroad right of way which traverses the property.