CARMEN HILLENBRAND *et al.*, Plaintiffs-Appellants, v. MEYER MEDICAL GROUP, S.C., *et al.*, Defendants-Appellees.

First District (4th Division)    No. 1—98—4433

Opinion filed October 21, 1999.—Rehearing denied November 19, 1999.

Edelman & Combs, of Chicago (Daniel A. Edelman, James O. Latturner, and Tara L. Goodwin, of counsel), for appellants.

Belofsky & Belofsky, of Chicago (David A. Belofsky, Douglas M. Belofsky, and Lance R. Minor, of counsel), for appellee Health Cost Controls of Illinois, Inc.

Winston & Strawn, of Chicago (Kimball R. Anderson and E. King Poor, of counsel), for appellee Meyer Medical Group, S.C.

PRESIDING JUSTICE HOFFMAN delivered the opinion of the court:

The plaintiffs, Carmen Hillenbrand and James Uzzell, appeal the trial court's entry of summary judgment in favor of the defendants, Meyer Medical Group, S.C. (now known as Chicago Health System, Inc.) (Meyer) and Health Cost Controls of Illinois, Inc. (HCC). For the reasons that follow, we reverse and remand for further proceedings.

The facts giving rise to the instant litigation are simple. Hillenbrand, as a federal employee, received comprehensive health care benefits under the Federal Employees Health Benefits Act (FEHBA) (5 U.S.C. § 8901 *et seq.* (1994)). The United States Office of Personnel and Management, responsible for administering the benefits, contracted with Chicago HMO (now known as United Healthcare of Illinois, Inc.) to provide the benefits in question. Chicago HMO, in turn, contracted with certain medical groups, including Meyer, to render the medical services to the plan beneficiaries.

In February 1991, Hillenbrand was injured in an accident and received medical services from Meyer. In February 1992, Meyer sent Hillenbrand a notice of a physician's lien in the amount of $1,779.64, the value of the medical services it provided to her. In April 1992, Meyer's agent, HCC, sent Uzzell, an attorney Hillenbrand had retained in connection with the accident in which she was injured, notice of a physician's lien in the same amount. The lien asserted that Meyer was entitled to "complete reimbursement of those benefits [that Meyer provided] out of any settlement or judgment received." In July 1992, Uzzell negotiated a $6,744 settlement of Hillenbrand's tort claim arising from her accident. The settling party issued two checks, one in the amount of $4,964.36 payable to Hillenbrand and Uzzell, and a second in the amount of $1,779.64 made payable to Hillenbrand, Uzzell, and HCC. Hillenbrand and Uzzell did not endorse the latter check and, instead, instituted this action.

The second amended complaint filed in this case by Hillenbrand and Uzzell against Chicago HMO, Meyer, and HCC purports to be a four-count class action. Counts I, III, and IV asserted causes of action for unjust enrichment, violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 *et seq.* (West 1998)), and common law fraud, respectively. Each of these counts was based on the theory that Meyer was not authorized to assert a physician's lien against Hillenbrand's settlement. Count II of the complaint asserted a cause of action for unjust enrichment based on the refusal of Meyer and HCC to pay a proportionate share of the attorney fees Hillenbrand had incurred in negotiating the settlement. The second amended complaint alleged that it was brought on behalf of two classes. Hillenbrand purportedly represented the first class, which consisted of "all persons (a) to whom the defendants have provided or will in the future provide medical services, (b) as a result of injuries inflicted under circumstances where the patient has a claim against a third party, (c) which claim was or will be resolved at any time beginning five years next before the bringing of this action." The second class, purportedly represented by Uzzell, consisted of all attorneys

representing members of the first class in connection with their tort claims against third parties.

On August 2, 1993, Meyer and HCC filed a joint motion to dismiss the second amended complaint pursuant to section 2—615 of the Code of Civil Procedure (735 ILCS 5/2—615 (West 1998)). Chicago HMO filed a separate section 2—615 motion on October 4, 1993. On June 1, 1994, the trial court granted Chicago HMO's motion to dismiss on the basis that it had not filed a lien against or sought to recover any portion of Hillenbrand's settlement and had not assigned any rights to do so, but the court denied the motion filed by Meyer and HCC. On October 28, 1994, the plaintiffs filed a motion for class certification. Thereafter, Meyer and HCC each filed a motion for summary judgment and a memorandum in opposition to the motion for class certification. On June 14, 1995, the trial court entered an order stating that it would rule on the defendants' motions for summary judgment prior to ruling on the plaintiffs' motion for certification. The trial court subsequently granted summary judgment in favor of Meyer and HCC, finding that the plaintiffs' claims were preempted under section 8902(m)(1) of FEHBA (5 U.S.C. § 8902(m)(1) (1994)). The plaintiffs appealed, and this court reversed the trial court's entry of summary judgment and remanded the case for further proceedings. Specifically, we found that the trial court's consideration of the preemption issue was premature because there was a question of fact as to whether the service agreement between Meyer and Chicago HMO authorized Meyer to assert a physician's lien against Hillenbrand's settlement. *Hillenbrand v. Meyer Medical Group, S.C.*, 288 Ill. App. 3d 871, 682 N.E.2d 101 (1997).

Following remand to the trial court, Chicago HMO and Meyer amended their service agreement, clarifying that the agreement did in fact give Meyer the right of reimbursement from third-party recoveries. Meyer then moved for summary judgment as to counts I, III, and IV of the second amended complaint. On February 24, 1998, a "stipulated dismissal" of those counts was entered. This left remaining only count II, which alleged that Meyer and HCC would be unjustly enriched if they were not required to pay a proportionate share of the attorney fees Hillenbrand incurred in negotiating the settlement.

On August 24, 1998, Meyer sent the plaintiffs' counsel a letter offering to:

> "resolve this case as to the existing plaintiffs by giving Mr. Uzzell the relief he seeks; namely, one-third of the amount that should be reimbursed to [Meyer] under the plan ($1,779.64), that is, $593.21 ($1,779.64/3 = $593.21), plus reasonable interest."

The plaintiffs did not respond to the tender of payment. On September

4, 1998, Meyer filed a motion for summary judgment arguing that: (1) as a result of Meyer's tender of payment, the plaintiffs' remaining claim was moot, leaving them without standing to represent the purported class; and (2) equitable principles prevented the plaintiffs, who initially contested Meyer's right to recover any amount from Hillenbrand's settlement, from collecting fees from Meyer. HCC adopted Meyer's motion and filed a separate motion for entry of judgment on the ground that the claim pled in count II of the plaintiffs' second amended complaint was preempted under FEHBA.

On November 13, 1998, the trial court entered a written order granting summary judgment in favor of both defendants without specifying its basis for doing so. It is from this order that the plaintiffs have appealed.

■ The claim for relief set out in count II of the plaintiffs' second amended complaint is premised upon an application of the common fund doctrine. Under this doctrine, an attorney who creates or preserves a common fund held for the benefit of persons other than his client is entitled to a reasonable fee payable out of the corpus of the fund. *Country Mutual Insurance Co. v. Birner*, 293 Ill. App. 3d 452, 456, 688 N.E.2d 859 (1997). The doctrine is based upon the equitable theories of *quantum meruit* and unjust enrichment (*Ryan v. City of Chicago*, 274 Ill. App. 3d 913, 921-22, 654 N.E.2d 483 (1995)) and is frequently applied to funds recovered for the benefit of subrogees (*Village of Clarendon Hills v. Mulder*, 278 Ill. App. 3d 727, 732-33, 663 N.E.2d 435 (1996)).

■ Since the trial court did not favor us with the basis for its grant of summary judgment, we will analyze each of the grounds asserted by the defendants, and we apply a *de novo* standard of review. See *Majca v. Beekil*, 183 Ill. 2d 407, 416, 701 N.E.2d 1084 (1998).

■ Relying primarily upon the holding in *United States v. Tobias*, 935 F.2d 666 (4th Cir. 1991), the defendants assert that the plaintiffs are not entitled to collect fees from the fund created as a result of the settlement of Hillenbrand's tort claim because they opposed the defendants' right to subrogation. The court in *Tobias* explained: "A party may not recover and try to monopolize a fund, but then, failing in the attempt, declare it a 'common fund' and obtain his expenses from those whose rightful share of the fund he sought to appropriate." *Tobias*, 935 F.2d at 668. Adopting this reasoning, the defendants argue that the plaintiffs should not be able to recover fees from the fund because, by filing the instant action, they sought to deny the defendants their rightful share of the fund. Although we have no quarrel with the holding in *Tobias*, we find the defendants' reliance thereon to be misplaced under the circumstances of this case.

First, unlike the facts in *Tobias*, the defendants were not represented by their own attorneys in any litigation that led to recovery of the fund. See *Tobias*, 935 F.2d at 668. It was only Uzzell in his representation of Hillenbrand that created the fund from which Meyer's subrogation claim will be satisfied.

■ Second, although the *Tobias* court stated that the parties' adversity was a sufficient basis upon which to deny an award of fees from the common fund, it is clear that the court's holding is based on equitable principles of estoppel. Estoppel is invoked to "prevent a party from asserting rights where the assertion of those rights would work a fraud or injustice on another party." *Board of Trustees of the Addison Fire Protection District No. 1 Pension Fund v. Stamp*, 241 Ill. App. 3d 873, 879, 608 N.E.2d 1274 (1993). The doctrine is applicable only where, under all the circumstances of the case, "conscience and honest dealing" require its application. *Stamp*, 241 Ill. App. 3d at 879.

■ There is no dispute on the question of the plaintiffs having originally contested Meyer's right to reimbursement from the proceeds of Hillenbrand's tort settlement. However, when this case first came before us on appeal, we found that the agreement entered into between Chicago HMO and Meyer was ambiguous on the issue of Meyer's right to seek reimbursement for the cost of medical services rendered to Hillenbrand. We found that the agreement could be reasonably interpreted to mean either that Chicago HMO had assigned its subrogation rights to Meyer or that Meyer had no rights to reimbursement other than from third parties obligated to provide medical services to Hillenbrand. See *Hillenbrand*, 288 Ill. App. 3d at 876. However, when Meyer and Chicago HMO amended their agreement to make it clear that Meyer had a right to collect and retain any sums due by a tortfeasor for medical services that it rendered pursuant to its agreement with Chicago HMO, the plaintiffs stipulated to the dismissal of all of their claims that were predicated upon the assertion that Meyer was not entitled to reimbursement from the proceeds of Hillenbrand's settlement. Under these circumstances, we find no justification for invoking the doctrine of estoppel to prevent the plaintiffs from asserting a claim for fees under the common fund doctrine.

■ We next consider whether summary judgment in favor of the defendants was proper on the theory that the plaintiffs' claim is preempted under section 8902(m)(1) of FEHBA. At the time that the plaintiffs filed their second amended complaint, section 8902(m)(1) provided:

> "The provisions of any contract under this chapter which relate to the nature or extent of coverage or benefits (including payments

with respect to benefits) shall supersede and preempt any State or local law, or any regulation issued thereunder, which relates to health insurance or plans to the extent that such law or regulation is inconsistent with such contractual provisions." 5 U.S.C. § 8902(m)(1) (1994).

Effective October 19, 1998, and prior to the trial court's entry of summary judgment, section 8902(m)(1) was amended to provide:

"The terms of any contract under this chapter [5 U.S.C. § 8901 *et seq.* (1994)] which relate to the nature, provision, or extent of coverage or benefits (including payments with respect to benefits) shall supersede and preempt any State or local law, or any regulation issued thereunder, which relates to health insurance or plans." 5 U.S.C. § 8902(m)(1) (Supp. 1998).

The amended version of the statute is more extensive than its predecessor, as it provides for preemption of certain state laws in their entirety, rather than merely to the extent to which they are inconsistent with the provisions of a health insurance contract or plan covered by FEHBA. Although the parties do not contend that the amended version of the statute should apply to this case, the amendment has no effect on our resolution of the issue of whether the plaintiffs' common fund claim is preempted.

▮ In this case, the handbook and certificate of coverage issued by Chicago HMO to Hillenbrand both contain subrogation provisions. The handbook states:

"If a covered person is injured through the act or omission of another, the Plan requires that it be reimbursed *for the benefits provided*, in an amount not to exceed the amount of the recovery, or that it be subrogated to the person's rights *to the extent of the benefits received* under this Plan, including the right to bring suit in the person's name." (Emphasis added.)

The certificate of coverage provides that, if a covered person receives medical services for an injury resulting from the act or omission of a third party, she is required to reimburse the plan from any amount collected from the third party and that the plan has a lien "to the extent of Covered Services provided, upon any claim for or right to recover damages." There is now no dispute that Chicago HMO assigned its rights to reimbursement to Meyer.

According to the defendants, the common fund doctrine is inconsistent with the subrogation provisions contained in the handbook and the certificate governing Hillenbrand's medical benefits because its application would result in reimbursement of less than the full value of the medical services provided under the plan. They conclude, therefore, that the common fund doctrine is preempted. In support of this conclusion, the defendants rely heavily upon the district court opinion in

*MedCenters Health Care, Inc. v. Ochs*, 854 F. Supp. 589 (D. Minn. 1993), *aff'd*, 26 F.3d 865 (8th Cir. 1994).

In *MedCenters*, Minnesota's "full recovery rule," which prohibits subrogation in circumstances where an insured's total loss exceeds his recovery, was determined to be preempted by FEHBA. According to the defendants, the common fund doctrine is analogous to the "full recovery rule" at issue in *MedCenters* and, therefore, it too is preempted. We disagree.

Minnesota's "full recovery rule" is an antisubrogation provision that affects the contractual rights of the insurer against the insured. In contrast, the common fund doctrine is not an antisubrogation provision and it does not alter the contractual provisions of any health insurance contract or plan. Rather, it is a quasi-contractual right to payment in favor of an attorney for services rendered. *Scholtens v. Schneider*, 173 Ill. 2d 375, 386-90, 671 N.E.2d 657 (1996). Consequently, we find that *MedCenters* is readily distinguishable and not controlling in this case.

We acknowledge that the decisions of the federal courts in interpreting a federal act such as FEHBA are controlling upon us. *Busch v. Graphic Color Corp.*, 169 Ill. 2d 325, 335, 662 N.E.2d 397 (1996). However, neither our research nor the defendants' briefs reveal any decision of a federal court addressing the question of whether application of the common fund doctrine is preempted under FEHBA. The closest analogy is those cases that address the question of whether section 514(a) of the Employee Retirement Income Security Act (ERISA) (29 U.S.C. § 1144(a) (1994)) preempts the common fund doctrine. Unfortunately, the federal courts are split on the issue. See *Health Costs Control v. Isbell*, 139 F.3d 1070 (6th Cir. 1997); *Bollman Hat Co. v. Root*, 112 F.3d 113 (3d Cir. 1997); *Ryan v. Federal Express Corp.*, 78 F.3d 123 (3d Cir. 1996) (each court declining to apply the common fund doctrine to cases governed by ERISA); *Waller v. Hormel Foods Corp.*, 120 F.3d 138 (8th Cir. 1997); *Blackburn v. Sundstrand Corp.*, 115 F.3d 493 (7th Cir. 1997) (both concluding that the common fund doctrine is not preempted by ERISA).

Although the decisions of the federal courts fail to supply a consistent line of authority on the effect that the preemption provisions of ERISA have upon the application of the common fund doctrine, our supreme court addressed the issue in *Scholtens v. Schneider*, 173 Ill. 2d 375, 671 N.E.2d 657 (1996). Following a detailed analysis, the *Scholtens* court concluded that the common fund doctrine was not preempted by section 514(a) of ERISA because a claim for attorney fees under the doctrine does not arise out of or affect the contractual relationship between the employer, the plan, and the participants.

Rather, a common fund claim, which is wholly independent of the benefit plan, is brought by a third party, the attorney who represented the participant, to enforce a quasi-contractual right to payment for services rendered in recovering the plan's subrogation lien. *Scholtens*, 173 Ill. 2d at 388-90. Given the similarity, in both language and purpose, of the preemption provisions contained in ERISA and FEHBA, we find it appropriate to adopt the supreme court's reasoning in *Scholtens* and conclude that the common fund doctrine is not preempted under section 8902(m)(1) of FEHBA.

■ Having determined that the plaintiffs are not equitably estopped from maintaining a claim against Meyer under the common fund doctrine and that such a claim is not preempted under FEHBA, we must consider whether the summary judgment entered by the trial court can be affirmed based upon the remaining ground asserted by the defendants, namely, that the case was rendered moot when Meyer tendered the recoverable damages sought by the plaintiffs. In urging reversal, the plaintiffs advance several arguments in opposition to a finding that their claim is moot.

First, the plaintiffs contend that the payment tendered by Meyer did not moot their claim because they did not accept it. We disagree.

Meyer offered to pay the attorney fees sought by Uzzell, plus interest. The offer has never been withdrawn. As such, no controversy exists between the parties as to Uzzell's fee. The plaintiffs cannot perpetuate the controversy by merely refusing Meyer's tender.

As a related matter, the plaintiffs seem to argue that Meyer's tender did not make them whole since it did not include an offer to compensate them for the attorney fees and costs that they incurred in the prosecution of the instant action and for which they sought recovery in their second amended complaint. Again, we disagree.

A successful litigant is not entitled to an award for attorney fees to be paid by his opponent absent a statutory provision or contractual agreement to the contrary. *Kerns v. Engelke*, 76 Ill. 2d 154, 166, 390 N.E.2d 859 (1979). In this case, there is no such statutory provision or contractual agreement entitling the plaintiffs to an award of fees. See *Zimmerman v. Bell*, 800 F.2d 386, 390 (4th Cir. 1986). The plaintiffs rest their claim for an award of costs on the provisions of section 5—108 of the Code of Civil Procedure (Code) (735 ILCS 5/5—108 (West 1998)). However, an award of costs under that section of the Code is only appropriate when a plaintiff recovers a judgment in an action for damages. *Gebelein v. Blumfield*, 231 Ill. App. 3d 1011, 1013-14, 597 N.E.2d 265 (1992). No predicate judgment will be entered in favor of the plaintiff based on Meyer's tender, only an order of dismissal or a summary judgment in favor of the defendants. Conse-

quently, the plaintiffs are not entitled to an award of fees or costs incurred in the prosecution of this case and, therefore, Meyer's tender represented the entire sum to which the plaintiffs might be entitled under count II of their second amended complaint.

The plaintiffs next contend that the settlement offer would not make them whole because, while Meyer has indicated an intent to waive its lien, HCC has not done so. The plaintiffs are correct that Meyer and HCC each filed a physician's lien. HCC, however, is Meyer's agent, and the lien filed by HCC was filed on behalf of Meyer. Since only Meyer possesses a right of reimbursement and HCC is merely its agent, the plaintiffs' argument in this regard lacks merit.

Accordingly, we find that Meyer's settlement offer made the plaintiffs whole and left them with no further individual claim against the defendants. We must, however, address the plaintiffs' final contention that, even if the settlement offer rendered their individual claims moot, the trial court erred in entering summary judgment in favor of the defendants prior to ruling on their pending motion for class certification.

The defendants argue that the trial court was not required to rule on the plaintiffs' motion for certification prior to entry of the summary judgment. In support of this contention, they rely on *Wheatley v. Board of Education of Township High School District 205*, 99 Ill. 2d 481, 459 N.E.2d 1364 (1984), and *Hess v. I.R.E. Real Estate Income Fund, Ltd.*, 255 Ill. App. 3d 790, 629 N.E.2d 520 (1993).

In *Wheatley*, two teachers who had been discharged from their employment filed a suit against the school board as a class action on behalf of all teachers so situated. After the named plaintiffs and a majority of the other discharged teachers had been offered reemployment, the board moved for dismissal, and the trial court granted it on the basis that the action was moot. *Wheatley*, 99 Ill. 2d at 483-84. On appeal, the plaintiffs contended that their claims were not moot because relief could still be granted to the teachers who had not been offered reemployment. Our supreme court affirmed the dismissal, concluding that the named plaintiffs could not maintain the action because they were no longer proper class representatives and noting that no remaining class member had sought to substitute himself as a named representative. *Wheatley*, 99 Ill. 2d at 486-87. We find it significant, however, that, unlike the present case, the named plaintiffs in *Wheatley* had not filed a motion for class certification prior to the dismissal of their complaint.

In *Hess*, the trial court dismissed class action allegations contained in the plaintiff's second and third amended complaints on the basis that the plaintiff lacked standing to represent the class. Thereafter,

the plaintiff filed a fourth amended complaint asserting only an individual claim. The fourth amended complaint did not contain a prayer for class relief and did not refer to or adopt any of the plaintiff's prior complaints. After the trial court dismissed the fourth amended complaint, the plaintiff appealed from that order and the dismissal of the class allegations in the second and third amended complaints. On appeal, the trial court found that, although the class allegations contained in the second and third amended complaints were not abandoned when Hess filed her fourth amended complaint, the case became moot when, subsequent to the dismissal of the fourth amended complaint, Hess settled her individual claim with the defendant. As to Hess's appeal from the dismissal of her fourth amended complaint, the court found that the settlement and release of her individual claim rendered that portion of her appeal moot. The court also held that, with the settlement of her individual claim, Hess ceased to have interests consistent with those of other class members and, therefore, could not act as a class representative. Consequently, since no remaining member of the class sought to substitute as a named representative, Hess's appeal from the dismissal of the class allegations in her second and third amended complaint was also rendered moot. See *Hess*, 255 Ill. App. 3d at 794-800.

The defendants' reliance on *Hess* is misplaced. Unlike the plaintiffs in the instant case, the plaintiff in *Hess* voluntarily settled her claim with the defendant. A plaintiff who enters into a voluntary settlement of her claims against the defendant waives her right to appeal the propriety of the trial court's refusal to certify a class. See *Dugas v. Trans Union Corp.*, 99 F.3d 724 (5th Cir. 1996); *Shores v. Sklar*, 885 F.2d 760 (11th Cir. 1989). However, where the plaintiff refuses a tender of payment made by the defendant and, despite that refusal, a judgment is entered or dismissal granted on the basis that tender was made, the plaintiff maintains the right to appeal from an order, entered prior to the tender, denying class certification. See *Deposit Guaranty National Bank v. Roper*, 445 U.S. 326, 332-36, 63 L. Ed. 2d 427, 435-38, 100 S. Ct. 1166, 1171-73 (1980).

It is clear that if a defendant tenders payment to the named plaintiffs in a class action after a class has been certified, the tender does not render the case moot as to the remaining class members. *Franks v. Bowman Transportation Co.*, 424 U.S. 747, 753-55, 47 L. Ed. 2d 444, 455-56, 96 S. Ct. 1251, 1258-60 (1976). In this case, Meyer's tender to the plaintiffs occurred prior to class certification. We acknowledge that, as a general rule, a proper tender to the named plaintiffs prior to class certification mandates dismissal of the action. *Lusardi v. Xerox Corp.*, 975 F.2d 964, 974 (3d Cir. 1992). Such is not

the case, however, when a motion for class certification is pending at the time the tender is made. As the Seventh Circuit Court of Appeals stated in *Susman v. Lincoln American Corp.*, 587 F.2d 866, 870 (7th Cir. 1978):

> "[W]hen a motion for class certification has been pursued with reasonable diligence and is then pending before the district court, a case does not become moot merely because of the tender to the named plaintiffs of their individual money damages. The district court *** should hear and decide that motion prior to deciding whether or not the case is mooted by the tender."

To hold otherwise would allow a party to avoid ever defending a class action suit by simply tendering payment to the named plaintiffs, in each class action filed against it, prior to the trial court's ruling on their motion for class certification.

Under the reasoning set forth in *Susman* and adopted herein, the trial court was obligated to rule on the pending motion for class certification before considering the effect of Meyer's tender on the named plaintiffs' individual claims. Because the trial court did not do so, its entry of summary judgment cannot be affirmed on the basis of mootness. We, therefore, reverse the entry of summary judgment in favor of the defendants and remand for further proceedings.

We instruct the trial court that, on remand, it must rule on the plaintiffs' pending motion for class certification prior to ruling on any subsequent motions for dismissal or summary judgment based on the theory of mootness. If the trial court grants the motion for class certification and subsequently dismisses the plaintiffs' individual claims or enters summary judgment in favor of the defendants as to those claims, it must allow a reasonable period of time for substitution of other class members as the class representatives. We note, however, that the plaintiffs are not, as they claim, entitled to conduct discovery in order to determine the identity of other class members or representatives.

Because we find that the plaintiffs are not equitably estopped from bringing a common fund claim, that the common fund claim is not preempted under FEHBA, and that the trial court's entry of summary judgment in favor of the defendants was otherwise premature due to the plaintiffs' pending motion for class certification, we reverse the entry of summary judgment and remand for further proceedings.

Reversed and remanded.

HOURIHANE and SOUTH, JJ., concur.