THIRD DIVISION

SEPTEMBER 28, 2005

1-04-1624)

1-04-2130) Cons.

ROSELLA KOSTECKI, an Illinois Resident, on Behalf ) Appeal from the

of Herself and All Others Similarly Situated, ) Circuit Court of

) Cook County.

Plaintiff-Appellant, )

)

v. ) 

)

DOMINICK'S FINER FOODS, INC. OF ILLINOIS, an ) No. 02 CH 20329

Illinois Corporation, DOMINICK'S FINER FOODS, INC., )

a Delaware Corporation, and SAFEWAY, INC., a )

Delaware Corporation Doing Business as a Foreign )

Corporation in Illinois, ) Honorable

) Nancy Jo Arnold,

Defendants-Appellees. ) Judge Presiding.

JUSTICE ERICKSON delivered the opinion of the court:

Plaintiff Rosella Kostecki, a member of a labor union, filed a class action complaint against defendants, Dominick's Finer Foods, Inc. of Illinois, her former employer, Dominick's Finer Foods, Inc., and Safeway, Inc., alleging they violated numerous state wage statutes by requiring employees to work "off the clock" without pay, by manipulating time-recording procedures, and by not timely paying employees or providing adequate breaks.  Plaintiff appeals from the circuit court's grant of defendants' section 2-619 (735 ILCS 5/2-619 (West 2002)) motion to dismiss her complaint, contending the trial court erred in finding she was required to arbitrate her claims and that their resolution required interpretation of the agreement.  Plaintiff also argues that (1) the trial court erred in denying her motion for leave to file a second-amended complaint, (2) the One Day Rest in Seven Act (820 ILCS 140/1 
et seq.
 (West 2002)) provides for an implied private cause of action, (3) the trial court erred in striking her "Motion to Enforce the Unconditional Tender Offer of Settlement," and (4) the trial court should have ruled on her pending motion for class certification before dismissing her complaint.  For the reasons that follow, we affirm.       

BACKGROUND

Plaintiff was a member of the United Food and Commercial Workers International Union, Local 881 (the Union) and the terms of her employment were covered by a collective bargaining agreement.  Article XVI of that agreement provides for how grievances, including those involving wages, shall be filed, pursued, and arbitrated, if necessary.  
On November 8, 2002, plaintiff, on behalf of herself and all others similarly situated, filed a two-count complaint in the chancery division of the circuit court of Cook County, alleging defendants, by requiring employees to work "off the clock," amounting to overtime without pay, violated the Minimum Wage Law (820 ILCS 105/1 
et seq.
 (West 2002)) (Wage Law), which requires time-and-a-half pay for hours worked each week over 40.  Plaintiff also alleged defendants violated the Illinois Wage Payment and Collection Act (820 ILCS 115/1 
et seq.
 (West 2002)) (Wage Payment Act), which provides that employees must be paid in the next pay period, unless a collective bargaining agreement provides otherwise, by failing to timely pay overtime and other earnings.  

On June 25, 2003, plaintiff filed an "Amended Class Action Complaint," realleging violations of the Wage Law and Wage Payment Act, and adding a third claim that defendants violated the One Day Rest in Seven Act (820 ILCS 140/1
 
et seq.
 (West 2002)) by requiring employees to work schedules that did not provide for 24 consecutive hours' rest in every calendar week, and by requiring employees to work without adequate breaks.  

On August 15, 2003, defendants filed a motion pursuant to sections 2-619(a)(1) and 2-619(a)(9) of the Illinois Code of Civil Procedure (735 ILCS 5/2-619(a)(1), (a)(9) (West 2002)) to dismiss plaintiff's complaint, contending (1) plaintiff's claims are covered by the terms of a collective bargaining agreement, and therefore she must pursue the agreement's grievance and arbitration procedures before pursuing them in court, and that resolution of her claims would require interpretation of the agreement, (2) the One Day Rest in Seven Act does not provide individuals with a private cause of action, and (3) plaintiff's claims had been rendered moot by defendants' settlement offer.
(footnote: 1)
 The trial court, on March 5, 2004, granted defendants' motion to dismiss, finding (1) because her claims arose from the collective bargaining agreement, plaintiff was required to exhaust the remedies provided under the agreement, and (2) her claims were preempted because their resolution would require interpretation of the agreement.  The court did not address defendants' mootness argument, as defendants, on January 28, 2004, withdrew this contention from their dismissal motion.  The court also found it unnecessary to address whether the One Day Rest in Seven Act provided for a private cause of action "because all counts of the [p]laintiff's complaint must be dismissed for her failure to exhaust the remedies available under the collective bargaining agreement."

On April 5, 2004, plaintiff filed a motion to reconsider the dismissal order and for leave to file an amended complaint.  Plaintiff's attached proposed second-amended complaint alleged that she had pursued a grievance pursuant to the provisions of the bargaining agreement, but was unsuccessful, and that defendants violated the federal Fair Labor Standards Act of 1938 (29 U.S.C. §201 
et seq.
 (2000)) (FLSA).  The trial court, on May 5, 2004, denied the motion.  

On June 3, 2004, plaintiff filed a "Motion to Enforce the Unconditional Tender Offer of Settlement," alleging that defendants, by letter dated August 7, 2003, made an unconditional tender offer of settlement to plaintiff, that plaintiff accepted the offer, and that defendants, by letter dated January 19, 2004, withdrew the accepted offer.  Attached to the motion was the August 7 letter and numerous letters from January 2004.  

On June 4, 2004, while the above motion to enforce was pending in the trial court, plaintiff filed a notice of appeal seeking review of (1) the court's March 5, 2004 dismissal order, and (2) the court's May 5, 2004 order denying her motion to reconsider and motion to amend.

On June 22, 2004, the court struck plaintiff's motion to enforce, finding "there is no case pendin[g] before [it]."  On July 16, 2004, plaintiff filed a second notice of appeal seeking review of (1) the March 5, 2004 dismissal order, (2) the May 5, 2004 order denying her motion to reconsider and motion to amend, and (3) the June 22, 2004 order striking her motion to enforce the settlement offer. 

On August 11, 2004, this court allowed plaintiff's motion to consolidate the two appeals.

ANALYSIS

We address plaintiff's contentions that (1) the trial court improperly granted defendants' motion to dismiss, (2) the trial court improperly denied her motion for leave to file a second-amended complaint, (3) the trial court improperly struck her motion to enforce, and (4) the trial court was required to rule on her pending motion for class certification prior to dismissing her complaint.

I

Plaintiff first contends that the trial court improperly dismissed her complaint because her wage statute claims may stand regardless of the existence of any collective bargaining agreement.  Plaintiff also argues that she was not required to submit to the grievance and arbitration procedures of the agreement and that resolution of her claims will not require a court to interpret the agreement.  She further contends the One Day Rest in Seven Act provides for an implied private cause of action.

Section 2-619 of the Code of Civil Procedure provides for the involuntary dismissal of a cause of action based on certain defects or defenses, including that the trial court lacks subject matter jurisdiction (735 ILCS 5/2-619(a)(1) (West 2002)) and that the action is barred by other affirmative matters which defeat the claim (735 ILCS 5/2-619(a)(9) (West 2002)).  
Borowiec v. Gateway 2000, Inc.
, 209 Ill. 2d 376, 383, 808 N.E.2d 957 (2004)
 (
Borowiec
).  In ruling on a section 2-619 motion to dismiss, "the trial court must interpret all pleadings and supporting documents in the light most favorable to the nonmoving party."  
Borowiec
, 209 Ill. 2d at 383.  This court reviews 
de novo
 the trial court's grant of a motion to dismiss.  See 
Borowiec
, 209 Ill. 2d at 383. 
  

Plaintiff argues the trial court's dismissal was improper because her claims (1) arise from independent, nonwaivable statutory rights and not under the collective bargaining agreement, and (2) resolution of her claims would not require the court to interpret the bargaining agreement.  

Federal labor policy provides that when resolution of a state law claim depends on an analysis of the terms of the agreement, the claim must either be arbitrated as required by the collective bargaining agreement or dismissed as preempted under section 301 of the Labor Management Relations Act (29 U.S.C. §185(a) (2000)), which grants federal district courts exclusive jurisdiction over disputes involving collective bargaining agreements.  
Allis-Chalmers Corp. v. Lueck
, 471 U.S. 202, 210-11, 85 L. Ed. 2d 206, 215, 105 S. Ct. 1904, 1911 (1985); 
Gelb v. Air Con Refrigeration & Heating, Inc.
, 356 Ill. App. 3d 686, 692, 826 N.E.2d 391 (2005) (
Gelb
).  As noted in 
Gelb
, if resolution of the state law claim depends on interpretation of the collective bargaining agreement, the claim is preempted.  
Gelb
, 356 Ill. App. 3d at 693.  

However, reference to a collective bargaining agreement is not enough to preempt a state law claim.  
In re Bentz Metal Products Co., Inc.
, 253 F.3d 283, 285 (7th Cir. 2001), citing 
Livadas v. Bradshaw
, 512 U.S. 107, 129 L. Ed. 2d 93, 114 S. Ct. 2068 (1994) (
Livadas
), and 
Lingle v. Norge Division of Magic Chef, Inc.
, 486 U.S. 399, 100 L. Ed. 2d 410, 108 S. Ct. 1877 (1988).  If the claim raises a matter that is "purely a question of state law and is entirely independent of any understanding of the terms of a collective bargaining agreement, it may proceed as a state-law claim."  
Gelb
, 356 Ill. App. 3d at 692-93, citing 
Livadas
, 512 U.S. at 124-25, 129 L. Ed. 2d at 110, 114 S. Ct. at 2079
. 

Plaintiff initially argues that her complaint should not have been dismissed because her wage claims arise under "Illinois statutes and Federal statutes," and not under the collective bargaining agreement.  Relying primarily on the Supreme Court's decision in 
Barrentine v. Arkansas-Best Freight System, Inc.
, 450 U.S. 728, 67 L. Ed. 2d 641, 101 S. Ct. 1437 (1981), in which the Court held that a union employee could pursue an action under the FLSA in federal court for unpaid wages even after unsuccessfully pursuing relief under the collective bargaining agreement, plaintiff analogizes her state law claims to claims brought under the FLSA and argues that she may seek judicial relief for the alleged statutory violations even where a collective bargaining agreement is present.

We reject plaintiff's contention.  First, although she seems to contend otherwise, plaintiff did not allege a FLSA violation in her amended complaint.  Second, plaintiff has cited no Illinois authority holding that a Wage Law, Wage Payment Act, or One Day Rest in Seven Act claim involves the same nonwaivable rights as those brought under the FLSA and therefore may be brought in court regardless of the existence of a collective bargaining agreement mandating arbitration.  Rather, as recently discussed in  
Gelb
, 
whether an employee subject to the provisions of a collective bargaining agreement may enforce his or her statutory rights in court depends on the character of the claim.  
Gelb
, 356 Ill. App. 3d at 692-93
.  Further, in 
Uehlein v. Shwachman
, 156 Ill. App. 3d 274, 276, 509 N.E.2d 493 (1987) (
Uehlein
), the court rejected the plaintiff's contention that he had standing under the Wage Payment Act to seek unpaid compensation without pursuing the remedies available under the collective bargaining agreement where the plaintiff alleged only state statutory claims and did not allege a "separate and distinct Federal statutory right."

Further, we agree with defendants' contention that plaintiff's claims arise from the collective bargaining agreement.  
Where a collective bargaining agreement establishes a grievance and arbitration procedure for disputes arising out of the agreement, an employee alleging a violation of the agreement must attempt to exhaust his or her contractual remedies before seeking judicial relief.  
Gelb
, 356 Ill. App. 3d at 695
, citing 
Uehlein
, 156 Ill. App. 3d at 277
.  "However, the mere existence of a dispute between an employee and an employer is insufficient to make the disputed matter subject to arbitration procedures of the collective bargaining agreement."  
Gelb
, 356 Ill. App. 3d at 695, citing 
Daniels v. Board of Education of the City of Chicago
, 277 Ill. App. 3d 968, 972, 661 N.E.2d 468 (1996) (
Daniels
).  Rather, the court must consider whether the claim is one that is governed by the contract.  
Gelb
, 356 Ill. App. 3d at 695.  If so, the exclusive remedy is to follow the grievance procedures.  
Gelb
, 356 Ill. App. 3d at 695.  If not, the complainant may file suit in court.  
Gelb
, 356 Ill. App. 3d at 695, citing  
Daniels
, 277 Ill. App. 3d at 972.  "Where a collective bargaining agreement adequately addresses an aspect of employee compensation or other working conditions, a state statute will defer to the collective bargaining agreement's grievance procedures."  
Gelb
, 356 Ill. App. 3d at 695, citing  
Daniels
, 277 Ill. App. 3d at 973.  However, where an employee's claim "arises entirely" from the agreement, the employee must first exhaust any remedies provided for in the agreement before seeking judicial relief.  
Gelb
, 356 Ill. App. 3d at 695, citing 
Uehlein
, 156 Ill. App. 3d at 277.
  To avoid seeking arbitration, the plaintiff must show that the union breached its duty of fair representation.  
Gelb
, 356 Ill. App. 3d at 695; 
Uehlein
, 156 Ill. App. 3d at 277. 

Plaintiff alleged in her amended complaint that defendants engaged in a "uniform and systematic practice of wage abuse" in violation of the Wage Law (820 ILCS 105/4a (West 2002)) and the Wage Payment Act (820 ILCS 115/4 (West 2002))
.  

The Wage Law provides, in relevant part, that "no employer shall employ any of his employees for a workweek of more than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than 1
1/2
 times the regular rate at which he is employed."  820 ILCS 105/4a (West 2002).

The Wage Payment Act generally provides that, in the absence of a "valid collective bargaining agreement which provides for a different date or for different arrangements for the payment of wages," wages earned by an employee must be paid in the next pay period.  820 ILCS 115/4 (West 2002).  For example, "[a]ll wages earned by any employee during a weekly pay period shall be paid not later than 7 days after the end of the weekly pay period in which the wages were earned."  820 ILCS 115/4 (West 2002).

In 
Gelb
, a case relied upon by defendants at oral argument, the plaintiffs filed suit alleging, 
inter alia
, that the defendants failed to comply with the overtime provisions of the Wage Law.  The collective bargaining agreement in that case provided for how overtime wages were to be calculated, including that employees were to be paid time-and-a-half for the first four hours of overtime, and set forth various pay scales.  This court held that a fact finder would have to interpret the bargaining agreement to determine whether the defendants in fact violated the Wage Law.  Therefore, the court found the plaintiffs' claims were preempted.  
Gelb
, 356 Ill. App. 3d at 693-94.

This court also held that because the bargaining agreement set forth a procedure for arbitrating grievances arising from the agreement, the plaintiffs were required under federal labor policy to arbitrate their claims before seeking judicial relief.  The court also rejected the plaintiffs' assertions that their claims were "rooted purely in the Wage Law and not the collective bargaining agreement" (
Gelb
, 356 Ill. App. 3d at 696) and held that arbitration was appropriate, especially where the collective bargaining agreement provided, in some instances, for overtime wages in excess of those mandated by the Wage Law (
Gelb
, 356 Ill. App. 3d at 697).   

In this case, section 1.1 of the collective bargaining agreement provides that it sets forth "the basic agreements covering rates of pay, hours of work and conditions of employment."  Article VIII of the agreement, entitled "Working Hours and Overtime," provides for circumstances under which employees are to be paid overtime wages.  Section 8.1 provides that "[t]he basic workweek shall be [40] hours to be worked in [5] days, [8] hours per day, not necessarily consecutive, between Monday through Saturday."  Article VIII also provides the employees shall be paid time-and-a-half for work (1) "performed on the [sixth] day of any week, regardless of total weekly hours" (section 8.2), (2) "in excess of  [40] hours per week" (section 8.3), and (3) " in excess of [8] hours per day."  Section 8.5 provides "[t]ime and one-half *** shall be paid on the weekly basis or daily basis, whichever is greater, but in no case on both."  Section 8.7 provides that "[a]ll work performed by employees *** on Sunday and holidays shall be considered as premium work, and such work shall be paid at the rate of time and one-half *** the employee's regular rate of hourly pay.  Sunday work shall not be considered part of the basic workweek for employees."  Article IX of the agreement, entitled "Wages," provides, in section 9.7, that "[w]ages shall be paid each week by check to all employees and the Employer shall post on stubs" certain wage-related information.  Further, section 19.7 provides that, at least where time clocks are not provided, the employer must "institute adequate payroll procedures to insure that all hours worked are properly recorded."

As in 
Gelb
, plaintiff's claims that defendants failed to properly pay overtime wages arise from the collective bargaining agreement, as it sets forth specific rates of pay for overtime that are, in some instances, greater than those the Wage Law provides, and provides for how overtime pay is to be calculated.  Similarly, plaintiff's Wage Payment Act claims arise from the agreement, as it mandates adequate payroll procedures and indicates how employees are to be paid.  Because plaintiff did not allege that the union breached its duty of fair representation, she was required to follow the grievance and arbitration provisions of the contract, which, through her Union, she agreed to be bound.  As in 
Gelb
, in this case, the fact finder would have to construe the terms of the agreement to resolve plaintiff's claims, an activity best suited for the arbitrator.

The trial court also properly dismissed count III of plaintiff's amended complaint, alleging that defendants violated the One Day Rest in Seven Act  (820 ILCS 140/1 
et seq.
 (West 2002)) (Act).  That Act generally provides that employees must receive 24 consecutive hours' rest each week (820 ILCS 140/2 (West 2002)), as well as at least 20 minutes for meals if an employee is scheduled to work at least 7
1/2
 hours (820 ILCS 140/3 (West 2002)).  The Act also provides that "[t]he Director of Labor shall be charged with the duty of enforcing the provisions of this Act and prosecuting all violations thereof and may make, promulgate and enforce such reasonable rules and regulations relating to the administration and enforcement of the provisions of this Act."  820 ILCS 140/6 (West 2002).

 Plaintiff argues that the Act provides for an implied private cause of action because, if it did not, "employees will go without a remedy." 
 The trial court found it unnecessary to reach this issue, finding that, as with  the claims addressed above, plaintiff would need to exhaust her administrative remedies before filing suit in court.  

Citing the four-factor test set forth in 
Corgan v. Muehling
, 143 Ill. 2d 296, 312-13, 574 N.E.2d 602 (1991)
, plaintiff argues a private cause of action should be implied because (1) she is a member of the class for whose benefit the Act was enacted, (2) it is consistent with the underlying purpose of the Act, (3) plaintiff's injury is one the Act was designed to prevent, and (4) it is necessary to provide an adequate remedy for violations of the Act.  Plaintiff, however, has not applied these factors and has therefore failed to convince us that an implied private cause of action is intended.  Further, the trial court correctly ruled that plaintiff needed to arbitrate this claim as well, as section 8.13 of the agreement governs lunch breaks, and, as discussed above, section 8.1 defines the "basic workweek."

II

Plaintiff next contends that the trial court improperly denied her motion for leave to file a second-amended complaint, in which she (1) alleged facts that the union filed a grievance on her behalf, but did not pursue arbitration after the grievance was denied, and (2) alleged that defendants violated the FLSA.  

Plaintiff argues she should have been allowed to amend her complaint because (1) the "strong policy" of Illinois is to decide causes of actions on their merits, thereby allowing amendment until it is clear that no cause of action may be stated, (2) the trial court's order dismissing her amended complaint did not say it was "with prejudice," and her motion for leave to amend was filed within 30 days, and (3) her proposed second-amended complaint cured the grounds relied upon by the trial court to dismiss her amended complaint.  

Defendants respond that the trial court's dismissal order constituted a final judgment and that leave to amend was properly denied.

Section 2-616(a) of the Code of Civil Procedure provides "[a]t any time before final judgment amendments may be allowed on just and reasonable terms, introducing any party who ought to have been joined as plaintiff or defendant, dismissing any party, changing the cause of action or defense or adding new causes of actions or defenses."  735 ILCS 5/2-616(a) (West 2002).  We review the denial of a motion to amend for a manifest abuse of discretion. 
Loyola Academy v. S & S Roof Maintenance, Inc.
, 146 Ill. 2d 263, 276, 586 N.E.2d 1211 (1992) (
Loyola
).  To determine whether a trial court abused its discretion, a reviewing court looks to whether (1) the proposed amendment would cure the defective pleading, (2) allowing the proposed amendment would prejudice or surprise the other party, (3) the proposed amendment is timely, and (4) previous opportunities to amend the pleadings can be identified.  
Loyola
, 146 Ill. 2d at 273. 

It is of little importance in this case that the trial court's order granting defendants' section 2-619 motion did not indicate it was "with prejudice," as it is the substance of the dismissal order that controls.  See 
Dewan v. Ford Motor Co.
, 343 Ill. App. 3d 1062, 1069, 799 N.E.2d 391 (2003) (
Dewan
) (where the plaintiff could amend his complaint after dismissal, even though the dismissal order stated it was "with prejudice," because the trial court stated on the record that it would allow plaintiff time to amend the complaint and the reason for dismissal could be cured by a simple technical amendment).  Where a dismissal order does not specify that it is "without prejudice" and does not grant the plaintiff leave to file an amended complaint, the judgment is a final adjudication on the merits under Supreme Court Rule 273 (134 Ill. 2d R. 273).  
Dunavan v. Calandrino
, 167 Ill. App. 3d 952, 956-57, 522 N.E.2d 347 (1988).  See also 
 DeLuna v. Treister
, 185 Ill. 2d 565, 573, 708 N.E.2d 340 (1999) (trial court's involuntary dismissal order was final where it was with prejudice and did not include a statement allowing the plaintiff leave to amend); 
Dewan
, 343 Ill. App. 3d at 1069 (discussed above).  In this case, the trial court's dismissal order does not state that plaintiff was to be given leave to amend or otherwise indicate the dismissal order was anything other than final. 

Additionally, consideration of the 
Loyola
 factors does not indicate that the trial court's denial of leave to amend was a manifest abuse of discretion.  Plaintiff previously sought, and was granted, leave to amend.  Further, we agree with defendants' assertion that plaintiff, by omitting an FLSA claim from both her initial and first-amended complaints, and by seeking damages of less than $75,000, made a deliberate attempt to avoid removal to federal district court
 in order to pursue an argument that her statutory claims could stand independent of a bargaining agreement.  Only when her complaint was dismissed did she attempt to add an FLSA claim.  Amending her complaint after a final adjudication on the merits would thus be untimely and prejudicial to defendants.
(footnote: 2)  

Furthermore, plaintiff's allegation that the Union failed to pursue her denied grievance to arbitration does not cure her defective pleading, as plaintiff does not allege the Union breached its duty of fair representation.  See 
Mahoney v. City of Chicago
, 293 Ill. App. 3d 69, 74 (1997) (plaintiffs could not challenge their claims that amounted to asserting a breach of the collective bargaining agreement in court where, although they alleged their union failed to pursue their denied grievance to arbitration, they failed to allege the union breached its duty of fair representation), discussing  
Vaca v. Sipes
, 386 U.S. 171, 17 L. Ed. 2d 842, 87 S. Ct. 903 (1967).  Therefore, it was both just and reasonable for the trial court to deny plaintiff's motion to amend, and no manifest abuse of discretion occurred.

III

Plaintiff next contends that the trial court should not have struck her "Motion to Enforce the Unconditional Tender Offer of Settlement," in which she asserts that at some point during the pendency of defendants' motion to dismiss, she accepted defendants' offer to settle.  

Plaintiff filed the motion on June 3, 2004, after the trial court dismissed the action.  Plaintiff subsequently filed her first notice of appeal on the following day, June 4, seeking review of the March 5, 2004 dismissal order and the May 5, 2004 order denying reconsideration and leave to file a second-amended complaint.  On June 22, 2004, the trial court issued an order striking plaintiff's motion to enforce, finding "there is no case pendin[g] before [it]."  Plaintiff subsequently filed a second notice of appeal on July 16, 2004, seeking review of the June 22 order, in addition to the orders contained in her first notice of appeal.

Plaintiff correctly argues that this court cannot address the merits of the motion to enforce, but can only address whether the trial court had jurisdiction to hear it.  See 
Kyles v. Maryville Academy
, Nos. 1-04-0835, 1-04-1257 cons., slip op. at 12 (June 27, 2005) (
Kyles
)
 (where a trial court lacks jurisdiction to hear a motion, the appellate court is limited to reviewing only the trial court's lack of jurisdiction). 
 Plaintiff argues that the trial court, which is in the best position to hear the motion, had jurisdiction to hear it, as it was filed within 30 days of the order denying her motion to reconsider and to amend. 

Defendants respond that plaintiff's motion to enforce is a procedurally improper "nullity" and argue in part that the trial court correctly found it lacked jurisdiction to hear plaintiff's motion to enforce, as it is not a postjudgment motion.  

A similar issue was recently addressed by a different panel of this court in 
Kyles
.  In that case, after the trial court granted the defendant's motion for summary judgment, the plaintiff filed several motions, including a motion to reconsider and a motion for leave to file an amended complaint.  The trial court denied the motion to reconsider, and no action was taken on the motion for leave to amend.  The plaintiff subsequently filed a second motion for leave to file an amended complaint.  Thereafter, while that motion was pending, the plaintiff filed her first notice of appeal, seeking review of the denial of the motion to reconsider.  At the hearing on the pending motion for leave to amend, the trial court questioned its jurisdiction to hear the motion and denied it on its merits.  The plaintiff thereafter filed a second notice of appeal, seeking review of the denial of the motion for leave to amend.

On appeal, this court held that because the plaintiff filed her first notice of appeal before the trial court ruled on the second motion for leave to amend, the trial court lacked jurisdiction to hear that motion.  
Kyles
, slip op. at 11.  The court relied on 
Bachewicz v. American National Bank & Trust Co. of Chicago
, 135 Ill. App. 3d 294, 482 N.E.2d 95 (1985) (
Bachewicz
) which explained:

"'The proper filing of a notice of appeal causes the jurisdiction of the appellate court to attach and deprives the trial court of jurisdiction to modify its judgment or to rule on matters of substance which are the subject of appeal. [Citation.] *** [T]he trial court is restrained from entering any order which would change or modify the judgment or its scope, 
and from entering any order which would have the effect of interfering with the review of the judgment.
 [Citation.]'" (Emphasis in original.)  
Kyles
, slip op. at 11, quoting
 
Bachewicz
, 135 Ill. App. 3d at 297-98.

The court noted that Supreme Court Rule 303(a)(2) (155 Ill. 2d R. 303(a)(2)) "provides that the filing of a postjudgment motion within 30 days of judgment serves to nullify a previously filed notice of appeal and tolls the running of time for appeal until that motion is disposed of."  
Kyles
, slip op. at 13.  However, the court explained that the plaintiff's second motion to amend did not nullify the first notice of appeal because (1) a motion to amend is not a posttrial motion for purposes of Rule 303(a), and (2) even if the motion to amend was a postjudgment motion, it would amount to an improper successive postjudgment motion, which trial courts lack authority to hear.  
Kyles
, slip op. at 13-14.

Applying 
Kyles
 to the case at bar, the trial court properly ruled it lacked jurisdiction to hear plaintiff's motion to enforce.  Here, as in 
Kyles
, plaintiff filed her first notice of appeal while a motion was pending.  That notice of appeal divested the circuit court of jurisdiction to rule on the pending motion, because, as explained below, the motion to enforce was not a proper postjudgment motion, and therefore, her first notice of appeal was not nullified.  

Supreme Court Rule 303(a)(1) provides that a notice of appeal must be filed within 30 days after entry of final judgment, or, "if a timely post-trial motion directed against the judgment is filed, whether in a jury or nonjury case, within 30 days after the entry of the order disposing of the last pending post-judgment motion."  155 Ill. 2d R. 303(a)(1).

Section 2-1203(a) of the Code of Civil Procedure, entitled "[m]otions after judgment in non-jury cases," provides:

"In all cases tried without a jury, any party may, within 30 days after the entry of the judgment or within any further time the court may allow within the 30 days or any extensions thereof, file a motion for a rehearing, or a retrial, or modification of the judgment or to vacate the judgment or for other relief."  735 ILCS 5/2-1203(a) (West 2002).

Our supreme court has held that "other relief" as used in section 2-1203(a) must be similar in nature to the forms of relief specified in that section.  
Marsh v. Evangelical Covenant Church
, 138 Ill. 2d 458, 461-62, 563 N.E.2d 459 (1990) (
Marsh
). 

In this case, plaintiff's motion to enforce is not a postjudgment motion, as it is not "directed against the judgment" (155 Ill. 2d R. 303(a)(1)), and does not seek the type of relief available under section 2-1203 (
Marsh
, 138 Ill. 2d at 461-62).  Further, even if plaintiff's motion is a postjudgment motion, it is successive, and the trial court had no authority to hear it.  
Kyles
, slip op. at 14.  Therefore, the motion to enforce did not nullify her first notice of appeal, and the trial court correctly ruled it lacked jurisdiction to rule on it.

IV

Plaintiff, relying primarily on 
Hillenbrand v. Meyer Medical Group, S.C.
, 308 Ill. App. 3d 381, 720 N.E.2d 287 (1999) (
Hillenbrand
)
, finally contends that the trial court was required to rule on her pending motion for class certification prior to dismissing her complaint.  

As a general rule, if a defendant tenders to the named plaintiff the relief requested, the underlying cause of action must be dismissed as moot as there is no longer an actual controversy pending.  See 
Wheatley v. Board of Education of Township High School District 205
, 99 Ill. 2d 481, 486-87, 459 N.E.2d 1364 (1984); 
Yu v. International Business Machines Corp.
, 314 Ill. App. 3d 892, 898, 732 N.E.2d 1173 (2000); 
Hillenbrand
, 308 Ill. App. 3d at 390-91.  This rule does not apply, however, when a motion for class certification is pending at the time tender is made, because "[t]o hold otherwise would allow a party to avoid ever defending a class action suit by simply tendering payment to the named plaintiffs."  
Hillenbrand
, 308 Ill. App. 3d at 392.  In such a case, the trial court "must rule on the plaintiffs' pending motion for class certification prior to ruling on any subsequent motions for dismissal or summary judgment 
based on the theory of mootness.
"  (Emphasis added.)  
Hillenbrand
, 308 Ill. App. 3d at 392. 

Hillenbrand
 has no application in this case.  Here, the trial court's dismissal order was not based on mootness.  On January 28, 2004, while defendants' motion to dismiss was pending, the trial court entered an order allowing defendants to withdraw their argument that plaintiff's claims were rendered moot by the settlement offer from their motion to dismiss, and the trial court therefore did not address this contention in its order dismissing plaintiff's complaint.  Therefore, because the trial court did not rule on any motions "based on the theory of mootness"  (
Hillenbrand
, 308 Ill. App. 3d at 392), the trial court was not obligated to rule on plaintiff's pending motion for class certification.    V

For these reasons, we affirm the judgment of the circuit court of Cook County.

Affirmed. 

HOFFMAN, P.J., and KARNEZIS, J., concur.

FOOTNOTES
1:
The record shows that beginning in August 2003 and continuing through January 2004, while the court's ruling on defendants' motion to dismiss was pending, plaintiff and defendants corresponded by letter regarding a possible settlement. 

2: We disagree with plaintiff's contention that defendants, by failing to address the prejudice factor in the trial court, waived this assertion.  Defendants sufficiently addressed this issue in their responsive pleading.